IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:07-CV-372-F

| | |
|---|---|
| GARY E. MARTIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND RECOMMENDATION** |
| | ) |
| CITY OF RALEIGH | ) |
| | ) |
| Defendant. | ) |

Plaintiff has filed an application to proceed *in forma pauperis* **[DE-1]**. The Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment

1

than pleadings drafted by attorneys. *See White v. White,* 886 F.2d 721, 724 (4th Cir. 1989) (stating that *pro se* complaints should be read liberally). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [her] favor." *Id.* at 32. The Court has reviewed Plaintiff's complaint and finds that Plaintiff's pleading, even if construed liberally, would be futile. Specifically, Plaintiff alleges that the Defendant has violated his rights under the Americans with Disabilities Act ("ADA") by not providing him with a reasonable accommodation for his disability **[DE-1-2]**. However, Plaintiff has failed to assert sufficient facts to demonstrate that he meets the requirements outlined in the ADA.

To state a claim under the ADA, the Plaintiff must establish that he has a disability. *See Sutton v. United Air Lines*, 527 U.S. 471, 477-78 (1999) (discussing the coverage under the statute is limited to "qualified individuals with a disability"). The term "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." *Id.* at 478. Therefore, to prove that he has a disability, the Plaintiff must satisfy a three-part test. *Atkins v. USF Dugan, Inc.,* 106 F. Supp. 2d 799, 803 (M.D.N.C. 1999). To illustrate, "a plaintiff must show that (1) the ailment cited is a 'physical or mental impairment,' (2) the activity limited by that impairment is a 'major life activity,' and (3) the impairment 'substantially limits' that major life activity." *Id.* The allegations in Plaintiff's complaint fail to meet this threshold. Plaintiff simply states "[i]n October of 2005 my health declined and I had a car accident from diabetic complications.

2

I was then unable to drive." **[DE-1-2].** This conclusory statement does not demonstrate whether he has a physical or mental impairment, whether the activity limited by the impairment is a major life activity, or whether his impairment substantially limits a major life activity. Accordingly, Plaintiff's complaint is not sufficient to survive review under 28 U.S.C. § 1915(e)(2).

Therefore it is, ORDERED AND ADJUDGED that Plaintiff's application to proceed *in forma pauperis* is GRANTED. It is HEREBY RECOMMENDED that Plaintiff's action be DISMISSED for failure to state a claim upon which relief can be granted.

ORDERED AND RECOMMENDED in Chambers at Raleigh, North Carolina this 2nd day of October, 2007.

_____
William A. Webb
U.S. Magistrate Judge